Raymond S. Sant, Jr., Esq. County Attorney, Cayuga
Your office has requested an Attorney General's opinion as to whether a county clerk should accept for filing a single instrument which contains both a deed and a discharge of mortgage. Apparently such an instrument was recently presented for recording at the Cayuga County Clerk's Office. Although the instrument was recorded, the clerk has expressed a reluctance to record any such instrument in the future.
Section 315 of the Real Property Law requires a county clerk to maintain two different sets of recording books: one for instruments which commemorate conveyances and other transactions for the sale or purchase of real property; and another for mortgages and related documents (Real Property Law, § 315; see id., §§ 291, 316). The contents of the conveyance-related recording book is described as follows:
 "all conveyances and other instruments absolute in their terms, which are not intended as mortgages or securities in the nature of mortgages, and all executory contracts for the sale, purchase or exchange of real property, or memoranda thereof, and all instruments canceling or extending such contracts . . ." (id., § 315).
As this language indicates, the conveyance book is limited to deeds and other instruments for the conveyance of real property. An instrument which contains a discharge of a mortgage is not among the categories of instruments to be recorded in the conveyance book. Mortgages are to be recorded separately. Section 321 of the Real Property Law specifically provides for the recording of discharges on the record of the mortgage.
Finally, we note that if the clerk were presented with a single instrument containing both deed and discharge, it could only be recorded in one of the two books. One of the two transactions would not be recorded in the correct place, and future grantees would not be put on notice of its existence. Because such a result is contrary to the intent of the recording statute, we conclude that a county clerk should reject such an instrument (Real Property Law, §§ 290, 291).
Accordingly, we conclude that a county clerk should not accept for recording a single instrument which contains a deed and a discharge of mortgage.